**Professional Office Building, Inc. v. Cott**

294 ■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

*Ronald H. Israelit*, for plaintiff.
*William J. Brennan*, for defendant.

AVRIGIAN, *J.*, November 6, 1978—Plaintiff, Professional Office Buildings, Inc., is a corporation engaged in the construction and sale of office buildings. On February 7, 1969, plaintiff contracted with a corporation known as King of Prussia Medical Associates, Inc. to construct the King of Prussia Medical Building. On February 18, 1969, plaintiff obtained a promissory note from the parties defendant, 13 individuals and a corporation (not King of Prussia Medical Associates, Inc.) in the amount of $63,803 plus interest as provided, the said note in consideration of the deferral of certain required payments due plaintiff from King of Prussia Medical Associates, Inc. for the construction of the King of Prussia Medical Building.[1]

---

1. The note provides, in pertinent part:

"In consideration of the deferral of required payments of the medical office building of the King of Prussia Medical Associates, we, the undersigned, promise to pay to Professional Office Buildings, Inc., of Madison, Wisconsin, the sum of $63,803.00 on or before January 1, 1975; provided, that we further agree to pay interest at the rate of 8% per annum on the unpaid balance of principal, until this note is satisfied in full, said interest to be computed from the date of this note and shall be payable annually, the first payment to be made no later than January 1, 1971; provided further that the liability of each of the undersigned is at all times expressly limited to the following fractional proportions of the indebtedness evidenced by the terms of this note."

(Whereupon, defendant signatories of the note are listed and accompanied by their respective fractional proportions of indebtedness.)

The instant suit alleges that defendants have defaulted in the payment of interest installments and principal balance due pursuant to the provisions of the note. A balance of $88,638.96, plus interest, is allegedly due and owing plaintiff on the note in question. A counterclaim to this suit has been asserted on behalf of King of Prussia Medical Associates, Inc., albeit not a party, alleging certain defects in construction, delays and unauthorized changes which have necessitated expenses for medical measures, occasioned additional costs and mortgage interest, and resulted in lost use and decreased property value of the building in question.

Plaintiff has filed preliminary objections to the counterclaim in the nature of a demurrer and a motion for a more specific pleading. Upon consideration of the record, briefs of counsel and oral argument, this court sustained plaintiff's demurrer and dismissed the counterclaim. A petition for rehearing and reconsideration of the court's disposition of plaintiff's preliminary objections to the counterclaim was subsequently denied, hence this appeal to the Superior Court.

The court's order sustaining plaintiff's demurrer to the counterclaim presented is founded upon a recognition that, in a suit upon the note which plaintiff has asserted, the inclusion of a claim which accrues to a party not of record is violative of Pa.R.C.P. 1031(a).[2] No provision is made by our

---

2. Pa.R.C.P. 1031(a) provides: "(a) The defendant may set forth in the answer under the heading 'Counterclaim' any cause of action or setoff *which he has against the plaintiff* at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual." (Emphasis supplied.)

rules for the advancing of a claim, such as that of the counterclaim, which is not that of a party. Defendants have maintained that the within counterclaim, though it is nominally that of a nonparty, is properly asserted in a suit on the note in question for essentially two bases.

Defendants first contend that the note in question is in the nature of a contract of suretyship with defendants named as sureties of the obligation of a third party, King of Prussia Medical Associates, Inc., and that accordingly defendants, as sureties, may assert the setoffs of their principal. In Pennsylvania, what constitutes a contract of suretyship is delineated by statute; the Act of July 24, 1913, P.L. 971, sec. 1, 8 P.S. §1, provides that one assumes the rights and liabilities of suretyship via a "written agreement hereafter made by one person to answer for the default of another."[3] A scrutiny of the terms of the note upon which this suit is founded reveals no express or implied assumption by defendants of the duty to pay in the event that King of Prussia Medical Associates, Inc. defaulted on its obligations under the construction contract or any other obligation. Rather, the sole consideration for the note, as recited in the terms thereof (cf. note 1, supra), is the "deferral" by plaintiff, Professional

---

3. 8 P.S. §1 provides: "§1. What constitutes contract of suretyship      Every written agreement hereafter made by one person to answer for the default of another shall subject such person to the liabilities of suretyship, and shall confer upon him the rights incident thereto, unless such agreement shall contain in substance the words: 'This is not intended to be a contract of suretyship,' or unless each portion of such agreement intended to modify the rights and liabilities of suretyship shall contain in substance the words: 'This portion of the agreement is not intended to impose the liability of suretyship.'"

Office Buildings, Inc., of payments required of King of Prussia Medical Associates, Inc. on the medical office building. Therefore, in the view of the court, the language of the note is statutorily insufficient to have created a suretyship paradigm so as to allow defendants to avail themselves of claims or setoffs of the third party, notwithstanding the consent of that third party to have its claims thus asserted.

In the alternative, defendants contend that King of Prussia Medical Associates, Inc. is a mere corporate straw party acting at all times on behalf of the parties defendant. In an attempt to disregard the corporate entity, which they themselves created, defendants argue that the real parties in interest, viz., the named defendants, should be able to assert the counterclaim presented in the instant suit despite the fact that the counterclaim is nominally that of a nonparty. While the court appreciates the use of the corporate entity acting on behalf of its incorporators in transactions involving the construction of business realty and is aware of the advantages to be derived from corporate ownership of business premises, nevertheless defendants' assertion is unavailing in the present suit. For purposes of the transaction involving the very note signed by defendants, King of Prussia Medical Associates, Inc. is recognized as a distinct legal entity. Certainly this recognition is relied upon by defendants in asserting, as above, a suretyship relationship. The court's acceptance of a "veil-piercing" hypothesis would contradict the facts pleaded with respect to the obligation upon which this litigation is based. Moreover, the court notes the existence of other means by which the corporate entity may litigate issues with regard to the building contract.

Accordingly, plaintiff's demurrer to the counterclaim is sustained. Because of the court's dispo-

sition of the demurrer, the court need not address the issue presented by plaintiff's motion for a more specific pleading.